MARK HUGHES, as Guardian of MATTHEW BLACK and as Executor of BETTINA BLACK, Deceased, Appellant, v LENOX HILL HOSPITAL, Respondent. [778 NYS2d 277]—

Order and judgment (one paper), Supreme Court, New York County (Paula J. Omansky, J.), entered April 27, 2000, which granted defendant's motion to confirm the report of the Special Referee and entitled defendant to recover from plaintiff Hughes use and occupancy, attorneys' fees, interest, and costs and disbursements, in the total amount of $102,102.05, unanimously modified, on the law, to provide that plaintiff is liable only in his capacity as executor of the estate of Bettina Black, and otherwise affirmed, without costs.

Inasmuch as the rent stabilization laws were enacted to " 'prevent exactions of unjust, unreasonable and oppressive rents and rental agreements and to forestall profiteering, speculation and other disruptive practices' " (Matter of Avon Furniture Leasing v Popolizio, 116 AD2d 280, 283 [1986] [quoting Administrative Code of City of NY § YY51-1.0 (now § 26-501)], lv denied 68 NY2d 610 [1986]), plaintiff was properly required to disgorge the profits he garnered from his purported sublease of the subject rent stabilized apartment during the period of his illegal holdover. Accordingly, defendant was properly awarded use and occupancy in the amount charged by defendant for the apartment pursuant to the rent stabilization laws plus any additional amounts received by plaintiff from the illegal subtenant. Also proper was the award of attorneys' fees to defendant in the stipulated amount of $60,000. Plaintiff,

however, who succeeded to Bettina Black's leasehold interest in the apartment solely in his capacity as executor of her estate, is liable only in that representative capacity.

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sullivan, Williams, Friedman and Marlow, JJ.